UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LANCE BROWN,

Plaintiff,

-against-

THE CITY OF NEW YORK, FRANK CALAFIORE, TYLER
RUTHIZER, and JOHN EGAN,

Defendants.

JURY TRIAL DEMANDED

Civil Action No.:
14-CV-0967 (FB) (SMG)

**AMENDED VERIFIED
COMPLAINT**

**LANCE BROWN** ("Plaintiff"), by his attorneys, THE LAW OFFICE OF BRYAN

J. SWERLING, complaining of the defendants herein, respectfully shows to this Court,

and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against

defendant municipality, THE CITY OF NEW YORK (hereinafter referred to as "CITY"),

the defendant, FRANK CALAFIORE (hereinafter referred to as "CALAFIORE") and

TYLER RUTHIZER (hereinafter referred to as "RUTHIZER"), JOHN EGAN,

(hereinafter referred to as "EGAN") police officers of defendants CITY and non-party

NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD"), who

participated in the arrest, detention and prosecution of plaintiff, arising out of the false

arrest, excessive force, assault, battery, violating the civil rights of plaintiff, filing of false

reports regarding and false imprisonment of plaintiff, and who caused personal injuries to

the plaintiff.

2.  It is alleged that on August 22, 2012, at approximately 11:00 p.m., and

thereafter, officers CALAFIORE, RUTHIZER, and EGAN of the NYPD, and as agents,

servants and/or employees of defendant CITY, acting in concert, under color of state laws,

1

intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment, detention, assault, battery, malicious prosecution, filing of false reports, excessive force, violating the civil rights of plaintiff, and personal injuries, for acts of which plaintiff was innocent.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1343 and 1367(a), in that it alleges claims for relief arising under 42 U.S.C. 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York.

4.  Additionally, the Court has pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

5. Venue is laid within the United States District Court for the Eastern District of New York and is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of this district or, in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## THE PARTIES

6. At all times hereinafter mentioned, plaintiff was and is a citizen of the United States and at all times relevant hereto resided in the County of Shenandoah, in the State of Virginia.

7.  At all times relevant and material herein, the Defendant CITY was and still is a domestic municipal corporation and a subdivision of the State of New York, duly

organized and existing pursuant to the Constitution and under and by virtue of the Laws of the State of New York.

8.   At all times relevant and material herein, the NYPD was a subdivision, department or agency of Defendant CITY.

9.   At all times relevant and material herein, the defendant CALAFIORE was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

10.  At all times relevant and material herein, the defendant CALAFIORE was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

11.  At all times relevant and material herein, the defendant RUTHIZER was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

12.  At all times relevant and material herein, the defendant RUTHIZER was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to

3

the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

13.   At all times relevant and material herein, the defendant EGAN was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

14.   At all times relevant and material herein, the defendant EGAN was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

15.   At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant CITY and the State of New York.

## NOTICE OF CLAIM

16.   Within 90 days following the successful termination of the prosecution of plaintiff arising from this incident, plaintiff filed written Notice of Claim with defendant CITY.  This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

17.   At all times relevant and material herein, the Defendant CITY operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

4

18.   At all times relevant and material herein, the defendants CALAFIORE and RUTHIZER and EGAN were each employees of the Police Department of the City of New York.

19.   At all times relevant and material herein, the defendants CALAFIORE and RUTHIZER and EGAN were personnel of the Police Department of the City of New York.

20.   That at all times hereinafter mentioned and upon information and belief, the defendant CITY employed and supervised the defendants CALAFIORE and RUTHIZER and EGAN.

21.   Upon information and belief, the defendants CALAFIORE and RUTHIZER and EGAN were graduates of the Police Academy of the City of New York.

22.   At all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, CALAFIORE and RUTHIZER and EGAN, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

23.   In addition, at all times relevant hereto, the Defendant CITY had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, CALAFIORE and RUTHIZER and EGAN, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

24.  At all times hereinafter mentioned, upon information and belief, the defendants CALAFIORE and RUTHIZER and EGAN were acting in their capacities as employees, agents or servants of the Defendant CITY.

25.  At all times hereinafter mentioned, the defendants CALAFIORE and RUTHIZER and EGAN were acting under color of law.

26.  At all times hereinafter mentioned, the defendants' acts constituted state action.

27.  At approximately 11:00 p.m., on or about August 22, 2012, plaintiff was at or near 107-55 88th Street, City and State of New York, County of Queens.

28.  Additionally, on or about August 22, 2012, the defendants CALAFIORE and RUTHIZER and EGAN were on duty and/or acting as employees, agents or servants of the Defendant CITY, and were also present at the same time and in the same place as plaintiff, as aforesaid.

29.  On or about August 22, 2012, and thereafter, the defendants CALAFIORE and RUTHIZER and EGAN, employees of defendant CITY, stopped, detained and arrested plaintiff, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest the plaintiff.

30.  Upon information and belief, at all times herein mentioned, defendants CALAFIORE and RUTHIZER and EGAN, employees of defendant CITY, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained and arrested plaintiff when it was not right, just, lawful, proper, or necessary to do so.

31.  Upon information and belief, at all times herein mentioned, defendants CALAFIORE and RUTHIZER and EGAN, employees of Defendant CITY, detained and intimidated, plaintiff, causing him to sustain severe and personal injuries.

32.   In addition to the defendants' willful and intentional intimidation and detention upon plaintiff, the defendants intentionally held and restrained plaintiff without his consent.

33.   Upon information and belief, at all times herein mentioned, defendants CALAFIORE and RUTHIZER and EGAN, employees of defendant CITY, while acting in concert, maliciously and with intent to injure plaintiff, and without just cause or any right to do so, handcuffed, detained, jailed and restrained the plaintiff of his liberty, against the will of the plaintiff.

34.   Plaintiff was then arrested and/or caused to be arrested and charged with various crimes.

35.   The arrest of the plaintiff by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

36. Defendants acted maliciously and intentionally.

37. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in various places, including the 106th Precinct lockup, the courthouse lockup, the courtroom lockup, and others.

38.   Eventually, the plaintiff was released from such confinement and detention.

39.   Thereafter, the plaintiff was forced to return to court on numerous occasions from out of state, over a period of about many months, appearing in public, and before the public, as a defendant, a person accused of criminal acts of which the plaintiff was not guilty.

40. All charges were subsequently dismissed or otherwise disposed of.

41. All of the defendants' acts described in the preceding paragraphs were without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

42. Upon information and belief, at all times herein mentioned, and without proof that plaintiff was in any way connected or related to a crime, or that any crime was, in fact, committed, and without reasonable suspicion to stop plaintiff, nor probable cause to detain or arrest plaintiff, defendant CITY's employees, including defendants CALAFIORE and RUTHIZER and EGAN, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated charges against the plaintiff and set it forth in a false and fabricated criminal complaint, falsely sworn to by defendant RUTHIZER on August 23, 2012.

43. The criminal complaint and reports were and are false and fraudulent in alleging that plaintiff committed crimes including Attempted Burglary, Possession of Burglars Tools, and Criminal Possession of a Controlled Substance and in alleging the facts therein set forth alleged to constitute those charges.

44. Based upon the false criminal complaint and complaint reports prepared, upon information and belief, by the defendant employees, the Criminal Court arraigned plaintiff on the above charges and Plaintiff eventually went before the grand jury.

45. By reason of the foregoing acts by the defendants, as a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer continuous pain.

46. By reason of the foregoing acts by the defendants, plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

8

47. By reason of the foregoing, plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and upon information and belief, plaintiff will necessarily incur similar expenses.

48. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff felt grave fear and intimidation for his safety and well being by virtue of the intentional, deliberate and malicious acts of the officers including the manner in which detained, falsely arrested, and maliciously prosecuted him.

49. By reason of the foregoing, plaintiffs was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and upon information and belief, plaintiff will necessarily incur similar legal fees.

50. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution, including freedom from the unreasonable search and seizure of his person and freedom from the use of excessive, unreasonable and unjustified force against a person.

## ALLEGATIONS PERTAINING TO PLAINTIFF'S
## CLAIMS UNDER STATE LAW

51. Before the commencement of this action, on or about July 8, 2013, or within the time mandated by law, a Notice of Claim containing the information required by law was duly served upon the defendant CITY OF NEW YORK.

52. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

53. The defendant CITY OF NEW YORK held an examination of plaintiff as was its right under the General Municipal Law on September 24, 2013.

54. This action is commenced within one year and ninety days after both the accrual of the causes of action alleged in this complaint and the happening of the incidents and acts complained of herein.

## FIRST CLAIM FOR RELIEF
## AGAINST INDIVIDUAL DEFENDANTS

### VIOLATION OF CIVIL RIGHTS AFFORDED BY
### 42 U.S.C. § 1983 and 42 U.S.C. §1985

55.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "54", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

56.    The defendants, acting in concert and under the color of law, have deprived plaintiff of civil, constitutional and statutory rights and have conspired to deprive plaintiff of such rights and are liable to plaintiff under 42 U.S.C. § 1983 and 42 U.S.C. §1985.

57.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## THIRD CLAIM FOR RELIEF
### AGAINST INDIVIDUAL DEFENDANTS
### FALSE ARREST and FALSE IMPRISONMENT

58.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "57", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

59. The defendants arrested, detained and imprisoned plaintiff, without warrant, even though they knew or should have known that he was wholly innocent of any crime.

10

60.  Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

61.  As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

**FOURTH CLAIM FOR RELIEF**
AGAINST INDIVIDUAL DEFENDANTS
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "61", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

63.  Defendants' conduct, in falsely arresting, imprisoning, maliciously prosecuting plaintiff was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

64.  Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

65.  As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

**FIFTH CLAIM FOR RELIEF**
AGAINST INDIVIDUAL DEFENDANTS
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

66.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "65", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

67.  Defendants' conduct, in falsely arresting, imprisoning, and maliciously prosecuting plaintiff was careless and negligent as to the emotional health of plaintiff.

68.  As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SIXTH CLAIM FOR RELIEF
### AGAINST INDIVIDUAL DEFENDANTS
### COMMON LAW NEGLIGENCE

69.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "68", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

70.  Defendants CALAFIORE and RUTHIZER and EGAN were negligent in their conduct, in causing, or allowing, the aforesaid occurrence to take place.

71.  Defendants CALAFIORE and RUTHIZER and EGAN employees of defendant CITY, while acting in concert, negligently arrested, detained, and prosecuted plaintiff and allowed him to be injured in his jail cell by not heeding his call for medical assistance.

72.  As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress,

humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SEVENTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD
COMMON LAW NEGLIGENCE

73.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "72", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

74.  Defendant CITY was negligent in its operation, management, supervision and control of NYPD.

75.  Defendant CITY and/or NYPD were negligent in its hiring, training and evaluating its agents, servants and employees, including but not limited to defendants CALAFIORE and RUTHIZER and EGAN.

76.  As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## EIGTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD
*Respondeat superior*

77.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "76", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

13

78.   Defendant CITY and/or NYPD are liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior*.

79.   Defendant CITY and/or NYPD, by their agents, servants and employees, subjected plaintiff to false arrest, false imprisonment, malicious prosecution, physical, emotional and psychological injuries, embarrassment, shame and public humiliation, loss of income, medical and legal expenses.

80.   As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## NINTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

81.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "80", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

82.   Defendant CITY and/or NYPD knew or should have known of its employees', agents', and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

83.   Prior to February 23, 2008, defendant CITY and/or NYPD developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of plaintiff's rights.

84.   Upon information and belief, it was the policy and/or custom of defendant CITY and/or NYPD to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by defendant CITY and/or NYPD, including, but not limited to incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

85.   It was the policy and/or custom of Defendant CITY and/or NYPD to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Defendant CITY and/or NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

86.   As a result of the above described policies and/or customs, police officers of the NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

87.   The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the Defendant CITY and/or NYPD to the constitutional rights of persons within the City of New York, and were the cause of the violations of plaintiff's rights alleged herein.

88.   As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal

15

emotional injuries, severe and permanent psychological injuries, anguish, distress,

humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims

damages for the aforesaid injuries.

## TENTH CLAIM FOR RELIEF
FALSE ARREST AND MALICIOUS PROSECUTION
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

89.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs "1" through "88", inclusive, of this Complaint, with the same force and effect as

though more fully set forth at length herein.

90.   By their conduct, Defendants CITY, CALAFIORE, RUTHIZER, and EGAN

under color of law, deprived plaintiff of his constitutional right by falsely arresting

Plaintiff.

91.   By their conduct, Defendants CITY, CALAFIORE, RUTHIZER, and EGAN

under color of law, deprived plaintiff of his constitutional right prosecuting Plaintiff by

commencing a criminal proceeding with lack of probable cause and with actual malice.

92.   The termination of plaintiff's case was favorable toward plaintiff.

93.   As a result of the foregoing, plaintiff suffered injuries including but not limited

to severe and permanent personal physical injuries, severe and permanent personal

emotional injuries, severe and permanent psychological injuries, anguish, distress,

humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims

damages for the aforesaid injuries.

## ELEVENTH CLAIM FOR RELIEF
DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT
WHILE IN CUSTODY

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

16

94.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "93", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

95.   By their conduct and under color of law, defendants CITY, CALAFIORE and RUTHIZER and EGAN deprived plaintiff of his constitutional right to immediate medical treatment and failed to protect him once he became a prisoner, thus perpetuating and exacerbating his physical and mental pain and suffering.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages on each Claim for Relief, and plaintiff demands an additional sum of punitive damages on each Claim for Relief, to be determined at the trial of this action and, in the event plaintiff is a prevailing party, attorneys' fees, interest, costs, disbursements and such other relief as to this Court shall seem just and proper.

<u>**DEMAND FOR A JURY TRIAL**</u>

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated:      New York, New York
            August 6, 2014

                    Yours, etc.,

                    THE LAW OFFICE OF BRYAN J. SWERLING, P.C.
                    Attorneys for Plaintiff


                    _____
                    By:  Bryan J. Swerling (BS 5447)
                    15 Maiden Lane, Suite 2005
                    New York, New York 10038-4369
                    Tel.:  (212) 571-5757

# UNITED STATES DISTRICT COURT

for the
Eastern District of New York

LANCE BROWN

*Plaintiff(s)*

**-against-**

THE CITY OF NEW YORK, FRANK CALAFIORE, TYLER RUTHIZER, and JOHN EGAN

*Defendant(s)*

## AMENDED VERIFIED COMPLAINT

Law Office of Bryan J. Swerling, P.C.
Attorney for Plaintiff
Office and Post Office Address, Telephone
15 Maiden Lane, Suite 2005
New York, New York 10038
Tel.:  (212) 571-5757

Bryan J. Swerling